UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK
------------------------------------------------------
In re

    CHRISTINE M. GIERLINGER                    06-03709 B

                    Debtor                        <u>DECISION & ORDER</u>
------------------------------------------------------

                          Thomas J. Gaffney, Esq.
                          80 West Huron Street
                          Buffalo, New York 14202
                          Attorney for the Debtor

                          Cohen & Lombardo, P.C.
                          Amy J. Vigneron. Esq., of counsel
                          343 Elmwood Avenue
                          Buffalo, NY 14222
                          Attorney for Creditor Buffalo Truck Center, Inc.

Bucki, Chief U.S.B.J., W.D.N.Y.

     The debtor has reopened this Chapter 13 proceeding for the purpose of avoiding a judgment lien and imposing sanctions on the judgment creditor and its counsel as a penalty for their attempt to renew that lien in state court.

     On November 15, 2006, Buffalo Truck Center, Inc., obtained and docketed a judgment in the amount of $6,556.13 against Christine Gierlinger. Eight days later, Gierlinger filed a petition for relief under Chapter 13 of the Bankruptcy Code. In schedules filed with her petition, the debtor reported ownership of a residence at 59 Wide Beach Road in the Town of Brant, New York, and further claimed an exemption for the full amount of any equity in that property. The schedules also listed Buffalo Truck Center as a general unsecured creditor. Meanwhile, the Statement of Financial Affairs made no mention of any outstanding judgment. Then on January 17, 2007, Buffalo

Truck Center filed a timely proof of claim. Although the creditor attached a copy of its judgment as an exhibit, the proof of claim asserted only an unsecured obligation.

This court granted an order confirming the debtor's proposed plan on July 10, 2007. Pursuant to the plan's treatment of unsecured creditors, Buffalo Truck Center would eventually receive a distribution equal to 16% of its claim. Ms. Gierlinger obtained a discharge on September 12, 2011, and her case was closed on November 10, 2011. Prior to that initial closing of the case, however, the debtor neglected to avoid the lien of Buffalo Truck Center, either by reason of its status as a preference under 11 U.S.C. §547, or pursuant to 11 U.S.C. § 522(f), by reason of the lien's impairment of the debtor's homestead exemption.

Under New York law, a judgment becomes a lien on real property "from the time of the docketing of the judgment with the clerk of the county in which the property is located until ten years after the filing of the judgment-roll . . . ." N.Y. C.P.L.R. 5203(a) (McKinney 1997). However, pursuant to C.P.L.R. 5014, "a renewal action may be brought between the same parties to the original action during the tenth year to extend the lien for an additional 10-year period." *Gletzer v. Harris*, 12 N.Y.3d 468, 471 (2009). Accordingly, on October 26, 2016, the state court granted the application of Buffalo Truck Center for the issuance of an Order to Show Cause why the movant's outstanding judgment and judgment lien should not be renewed. Through counsel, Christine Gierlinger opposed this extension. In a decision dated November 16, 2016, Supreme Court Justice Penny M. Wolfgang ruled in favor of Gierlinger, and held that the Order of Discharge in bankruptcy barred Buffalo Truck Center from seeking a renewal of its lien. The state court further held that under the doctrine of judicial estoppel, the filing of an unsecured proof of claim precluded Buffalo Truck Center from asserting the renewal rights of a secured creditor.

After the conclusion of proceedings in state court, Christine Gierlinger retained new counsel, who obtained an order reopening her bankruptcy case. In Bankruptcy Court, Ms. Gierlinger now seeks to avoid the underlying judgment of Buffalo Truck Center, Inc., and to hold the creditor and its counsel in contempt for a violation of the Order of Discharge. In particular, the debtor requests the imposition of sanctions and the recovery of her legal fees and expenses. These legal fees and expenses include charges of $2,365 by prior counsel in the state court proceeding, together with the value of services rendered by new counsel in connection with the present application in Bankruptcy Court. Buffalo Truck Center responds that the Discharge Order voids only personal liability, and does not impair any outstanding lien or the right to seek a renewal of that lien.

Discussion

The state court has already denied a request by Buffalo Truck Center for a continuation of its expiring lien. Nonetheless, to preclude any confusion, this court will grant that portion of the debtor's motion which asks that the lien be avoided. Christine Gierlinger duly claimed a homestead exemption for an amount that exceeds the unmortgaged equity of her real estate. Because any outstanding judgments would impair that equity, section 522(f) of the Bankruptcy Code allows the debtor to avoid the fixing of Buffalo Truck Center's lien.

If the debtor had avoided the fixing of the judgment lien prior to the initial closing of her case, then perhaps an attempt to renew that lien might have violated the Order of Discharge. Instead, until at least the tenth anniversary of the initial docketing, Buffalo Truck Center retained the lien rights incidental to its judgment. These included the right not only to foreclose the judgment lien but also to make application for its preservation. Under the present circumstances, no violation of the discharge order would have arisen

from the mere renewal of the lien without further efforts to enforce personal liability for the underlying debt.

Except to the extent that they are avoided or otherwise addressed, liens pass unaffected through bankruptcy, by reason of 11 U.S.C. § 506(d):

> "To the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void, unless . . . (2) such claim is not an allowed secured claim due only to the failure of any entity to file a proof of such claim under section 501 of this title."

In the present instance, the claim of Buffalo Truck Center, Inc., was allowed only as a general unsecured claim, and not as a secured claim. Pursuant to the above quoted text, the judgment lien would have been void, but for the exception in subpart (2). Due only to its failure to file a secured claim, Buffalo Truck Center did not hold secured status in bankruptcy. Thus, the creditor's secured position survived the bankruptcy of Christine Gierlinger. The relevant legislative history further supports this conclusion, that "[s]ubsection (d) permits liens to pass through the bankruptcy case unaffected." H.R. REP. NO. 95-595, at 68 (1978).

The statutory benefits of discharge follow the principle of section 506(d), that unless otherwise addressed, liens will pass through bankruptcy. Upon completing her plan and satisfying all of the other conditions of Chapter 13, Christine Gierlinger obtained a discharge under 11 U.S.C. § 1328. The effects of this discharge are then defined by 11 U.S.C. § 524. In relevant part, subdivision (a) of this later section provides as follows:

> "A discharge in a case under this title – (1) voids any judgment at any time obtained, *to the extent that such judgment is a determination of the personal liability of the debtor with respect to any debt discharged under section . . . 1328 of this title*, whether or not discharge of such debt is waived; [and] (2) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, *to collect, recover or offset any such debt as a personal*

06-03709 B                                                                                                  5

>                   *liability of the debtor*, whether or not discharge of such debt is
>                   waived . . ."

(emphasis added).  An order of discharge, therefore, will void a judgment only to the extent that it determines personal liability, and not to the extent that it creates a lien. Similarly, the discharge order will enjoin only efforts "to collect, recover or offset" a debt as a personal liability.  Creditors retain unavoided lien rights in property.  Here, those lien rights would include the opportunity to seek any renewal as authorized under New York law.  Buffalo Truck Center attempted to achieve this renewal pursuant to the authority of New York C.P.L.R. 5014.  However, because this section operates both to extend the lien and to renew the determination of liability, the statute presents special challenges in determining the occurrence of a violation of the discharge stay.

As defined by the New York Civil Practice Law and Rules, "[a] judgment is the determination of the rights of the parties in an action or special proceeding and may be either interlocutory or final."  N.Y. C.P.L.R. 5011 (McKinney 2007).  When the judgment determines an obligation for payment of a sum of money, that "money judgment" will become a lien on real property of the debtor in the county of docketing.   N.Y. C.P.L.R. 5203(a) (McKinney 2007).  For purposes of the present discussion, the judgment and its lien are subject to two temporal limitations.  Generally, "[a] money judgment is presumed to be paid and satisfied after the expiration of twenty years from the time when the party recovering it was first entitled to enforce it."  N.Y. C.P.L.R. 211(b) (McKinney 2007).  Meanwhile, the judgment will remain a lien on real property for ten years after filing of the judgment-roll.  N.Y. C.P.L.R. 5203(a) (McKinney 2007).  To address either or both of these time limits, a creditor may commence an action on the judgment pursuant to C.P.L.R. 5014.  In relevant part, section 5014 provides as follows:

>                   "An action [upon the judgment] may be commenced . . .
>                   during the year prior to the expiration of ten years since the
>                   first docketing of the judgment.  The judgment in such action
>                   shall  be  designated  a  renewal  judgment  and  shall  be  so

Case 1-06-03709-CLB   Doc 133   Filed 11/09/17   Entered 11/27/17 15:09:14   Desc
Main Document    Page 5 of 7

> docketed by the clerk. The lien of a renewal judgment shall take effect upon the expiration of ten years from the first docketing of the original judgment."

Consequently, the renewal procedure of section 5014 fulfills a dual purpose. In *Gletzer v. Harris*, 12 N.Y.3d 468 (2009), the New York State Court of Appeals "emphasize[d] that CPLR 5014 affords a judgment creditor a full year to renew his or her lien without suffering a lien gap." *Id.* at 477. Simultaneously, however, the renewal judgment operates also to overcome the statutory presumption of satisfaction and "to renew a judgment for a new twenty-year period." *In re Vinieris*, 391 B.R. 707, 712 (Bankr. S.D.N.Y. 2008).

If the debtor owned no property against which a judgment lien could attach, then a renewal of the judgment under C.P.L.R. 5014 might have violated the discharge and its injunction against acts to collect a debt as a personal liability of the debtor. In the present instance, however, Buffalo Truck Center, Inc., possessed a lien that passed unaffected through bankruptcy. In order to enforce its lien rights (including any right of renewal), the creditor had no alternative but to employ state procedures. Although those procedures could also have delayed the statutory presumption of payment, the record contains no evidence of a design or intent to recover any indebtedness personally from the debtor. Under these circumstances, the creditor's attempt under C.P.L.R. 5014 to renew its lien would not have violated the Order of Discharge. We do not here question the decision the decision of state court to deny the motion to extend the lien. Rather, we hold only that no violation of the discharge order follows from the application to seek that outcome.

Reasonable diligence should have prevented the current dispute. Instead, we witness a convergence of multiple errors. Because the debtor neglected to disclose the existence of any judgment on her schedules and statement of financial affairs, the trustee had no reason to require lien avoidance as a condition for his recommendation

of plan confirmation.  Because the creditor neglected to indicate a secured status on its proof of claim, the trustee had no reason to follow his usual practice of advising the debtor that the claim would be paid in full unless the lien were properly addressed.  The local rules for this Bankruptcy Court provide that basic legal services include motions under 11 U.S.C. § 522(f).  *See* Local R. Bankr. Pro. 2016-1(b)(5)(W.D.N.Y.).  Whether due to oversight by counsel or a failure of disclosure by the debtor, no motion was ever brought, prior to the initial closing of this case, to avoid the lien of Buffalo Truck Center, Inc.  Had the lien been properly avoided, the creditor would have had no basis to seek its renewal.  Rather than to present a defense in state court at substantial cost, the debtor could have moved initially to reopen this bankruptcy proceeding, as she eventually did, for the purpose of correcting the original oversight in failing to avoid the outstanding judgment lien.  The court has no knowledge of conversations among counsel prior to the reopening of this case.  For the future, we would hope that parties will work collegially to resolve oversights that the court will inevitably resolve, but at great expense to everyone.

For the reasons stated herein, the court makes no finding of contempt and denies the debtor's request for the imposition of sanctions.  We will, however, grant that portion of the motion which seeks to avoid the fixing of the judgment lien of Buffalo Truck Center, Inc., on the debtor's homestead.

So ordered.

/s/ Carl L. Bucki

Dated:   Buffalo, New York         _____
         November 9, 2017             Hon. Carl L. Bucki, Chief U.S.B.J.